IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WALTER LEE CROW, | * |
| Plaintiffs, | * |
| v. | * Civil No. 3:05-CV-597-H |
| CASH SPECIAL UTILITY DISTRICT, | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss, filed April 18, 2005, and Plaintiff's Response, filed May 4, 2005. Defendant seeks to dismiss Plaintiff's 42 U.S.C. § 1981 claims as improperly raised against a government entity. (Def.'s Mot. at 3.) Defendant also seeks to dismiss Plaintiff's claims for failure to plead an official policy or custom. (*Id*.) Plaintiff, in response to Defendant's Motion, filed his First Amended Complaint on May 4, 2005.[1] Plaintiff's First Amended Complaint acknowledges that § 1981 claims may not be brought against government entities or officials. Plaintiff instead raises those claims under 42 U.S.C. § 1983. (Pl.'s Resp. at 1-2; 1st Am. Compl. at 1, 4-8.)

Dismissal for failure to state a claim is not favored by the law. *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). A Plaintiff's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see*

---

[1] Defendant did not oppose Plaintiff's Motion for Leave to Amend Complaint.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Mahone*, 836 F.2d at 927.

To overcome a motion to dismiss a claim of municipal liability under § 1983, a plaintiff must allege a municipal policy, practice, or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Municipal policy for purposes of §1983 liability may consist of

> 1. a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials, or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force [DETRNTTF]*, 379 F.3d 293, 309 (5th Cir. 2004) (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)). "[O]nly those municipal officers who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924 (1988). Where a municipal policy, practice, or custom is alleged, it must reflect "deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 411, 117 S.Ct. 1382, 1392 (1997).

> [A] *direct* causal connection must exist between the policy and the alleged constitutional deprivation. This connection *must be more than a mere 'but for' coupling* between cause and effect. To form the basis of liability under § 1983, a

2

> municipal policy must be affirmatively linked to the constitutional violation and be the *moving force* behind it.

*DETRNTTF*, 379 F.3d at 310. *See also Callis v. Sellars*, 931 F.Supp. 504, 505 (S.D. Tex. 1996). "Boiler plate allegations of municipal policy, entirely lacking in any factual support that a municipal policy does exist, are insufficient." *Baxter v. Vigo County Schl. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994). Where an official municipal policy exists, the constitution is violated when the policy is facially unconstitutional or when the policy, known by the final decisionmaking authority to be inadequate, is consciously implemented, results in a constitutional violation. *See Gonzalez v. Ysleta Indep. Schl. Dist.*, 996 F.2d 745, 755-56 (5th Cir. 1993).

Therefore, to establish municipal liability, Plaintiff must allege (1) a constitutional violation; (2) the existence of a specific policy, practice, or custom; (3) that the identified policy, practice, or custom was the moving force behind the constitutional violation; (4) that the policy, practice, or custom was established by the final policymakers of the municipality or attributable to them; and (5) that either the official policy constitutes a facial violation of the constitution or that the final policymakers exhibited deliberate indifference as to Plaintiff's constitutional rights which were the subject of the constitutional violation. *See DETRNTTF*, 379 F.3d at 308-11.

Plaintiff has pointed to no specific municipal policy, practice, or custom, except a boiler plate allegation that Defendant "had a custom or policy of unlawfully harassing African-American employees." (1st Am. Compl. at 5.) This boilerplate, conclusory allegation is patently insufficient to state a claim of municipal liability. Plaintiff, having attempted to cure his pleading deficiency in response to Defendant's Motion, has failed to do so. Therefore, the Court concludes that Plaintiff made his best case, but failed to state a cause of action against Defendant. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's case against Defendant is **DISMISSED** with

prejudice. *See Swidriski v. City of Houston*, 31 Fed. Appx. 154 (5th Cir. 2001); *Earnheart v. City of Terrell*, 2005 WL 81724, at *9 (N.D. Tex. Jan. 13, 2005) (Sanders, J.); *Classroom Teachers of Dallas/Texas State Teachers Ass'n/Nat'l Educ. Ass'n et al. v. Dallas Indep. Sch. Dist. et al.*, 164 F. Supp. 2d 839, 852-53 (N.D. Tex. 2001) (Lindsay, J.).

      Judgment shall be entered accordingly.

      SO ORDERED.

      DATED: May 11, 2005

      _____
      **BAREFOOT SANDERS, SENIOR JUDGE**
      **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF TEXAS**